## COMMONWEALTH *vs.* JOSIAH STEARNS, JR.

In an indictment on the Rev. Sts. *c.* 127, it is sufficient to allege that the defendant "had in his possession a piece of false and counterfeit coin, counterfeited in the similitude of the good .and legal silver coin, current in this Commonwealth by the laws and usages thereof, called a dollar, with intent.to pass the same as true, knowing the same to be false and counterfeit," without giving any further description of the dollar.

Such indictment is supported by proof that the defendant had in his possession a coin, counterfeited in the similitude of a Mexican dollar, with such intent and knowledge.

And for the purpose of proving such knowledge, evidence is admissible that the defendant previously passed similar counterfeit coins, although an indictment is pending against him for such passing.

AN indictment against the defendant alleged that he, on the 25th of June 1845, at Charlestown, " had in his custody and possession a certain piece of false and counterfeit coin, counterfeited in the likeness and similitude of the good and legal silver coin, current within said Commonwealth by the laws and usages thereof, called a dollar, with intent then and there to pass the same as true ; he the said Stearns then and there well knowing the same to be false and counterfeit,' &c.

At the trial in the court of common pleas, before *Colby,* J. the only evidence offered against the defendant was his possession or passing of coin counterfeited in the similitude of Mexican dollars. The defendant objected to the admission of such evidence, on the ground that it varied from the allegation in the indictment, which, as he contended, imported, *ex vi termini,* an American dollar. This objection was overruled.

In order to show the defendant's guilty knowledge, evidence was offered of his other antecedent acts of passing similar coins, which were the subject of other indictments then pending. The defendant objected to the admission of this evidence ; but the objection was overruled and the evidence received.

The jury found the defendant guilty, and he alleged exceptions to said rulings.

The defendant, after the case came into this court, filed a motion in arrest of judgment ; 1st, because no sufficient ᵕharge of an offence was contained in the indictment, inasᵕnuch as the term " dollar," therein used, may denote a coin ᵕhe counterfeiting whereof is not criminal by the laws of ᵕhis Commonwealth ; and 2d because, if said term " dollar " ᵕnay apply to all the coins current by law or usage in this Commonwealth, and bearing that name, then the charge in ᵕhe indictment is too uncertain, as it does not specify what ᵕᵕᵕscription of dollar, in particular, is intended.

*G. Bemis & E. R. Hoar*, for the defendant.

*Nelson*, for the Commonwealth.

DEWEY, J. The objection of variance between the proof ᵕffered and the offence charged is not sustained. The crime charged in the indictment is the having in possession, &c. a certain counterfeit coin, in the likeness of a silver coin called a dollar. The evidence shows this coin to have been in the likeness and similitude of a Mexican dollar. But a Mexican dollar is not the less a dollar, nor is it inappropriately described as a dollar. The term " dollar " does not import a coin coined at the mint of the United States. The United States *St.* of 1792, *c.* 16, legalized the dollar of the United States coinage, and the *St.* of 1834, *c.* 71, legalized the dollar of Mexico. Both are adopted by us, and both are coins current, by law and usage, in this Commonwealth ; and the having in possession of counterfeits of either, with the criminal intent described in the Rev. Sts. *c.* 127, §§ 15, 16, constitutes the statute offence.

The second exception was not much relied upon in argument, and is not, with us, an open question ; the ruling at the trial being conformable to a practice sanctioned by frequent judicial decisions. The evidence here objected to has been deemed admissible whenever it was necessary to establish the guilty knowledge of the party. *Commonwealth* v. *Turner*, 3 Met. 24. *Commonwealth* v. *Stone*, 4 Met. 47. Roscoe Crim. Ev. (2d ed.) 83, 86. The fact, that indictments have been found for the acts offered to be shown

22 *

in evidence to prove the guilty knowledge, does not seem to vary the case from proof of acts that constitute a crime and are the subject of a separate indictment; which latter falls clearly within the rule heretofore adopted and practised upon.

The only question, in the present case, that can require much consideration, is that which arises upon the motion in arrest of judgment for supposed deficiency in the allegations in the indictment. As to the first of these reasons, viz. that the indictment is insufficient, inasmuch as the term " dollar," therein used, may denote a coin, the counterfeiting whereof is not criminal by the laws of this Commonwealth, it seems to be answered by the very language of the indictment. The dollar therein set forth is alleged to be " in the similitude of the legal silver coin current, by law and usage, in this Commonwealth." And this is a substantial allegation, that must be proved. Hence, no dollar that is not of the similitude of the legal silver coin of this Commonwealth will correspond with that set forth in the indictment, and furnish the proof requisite to a conviction.

The remaining inquiry is whether the indictment is bad for uncertainty, in not specifying, with greater particularity, the descriptive character of the counterfeit dollar as of the coinage of the Mexican government and in the similitude of a Mexican dollar. It is true that the indictment must particularly set forth the *kind* of coin alleged to be counterfeit, &c. as is stated in 2 Hale P. C. 187, and 2 Chit. Crim. Law, 105, *note (d.)* But that rule does not affect the present question, nor present any objection to this indictment. The kind of coin to be set forth and described is the denomination or name of the coin; as the dollar, the half dollar, or the dime, as the case may be. And if this indictment had merely described the alleged counterfeit coin to be in the likeness of silver coin current in this Commonwealth, by the laws and usages thereof, it would have presented a case liable to the objection of a want of particularity of description. But such is not the case here. The coin is described

under its appropriate denomination, and that is sufficient, without adding, as a further description, the place of coinage. The place of coinage of a dollar is no necessary part of the description which is required to be given of a coin, in an indictment. The recital of the various inscriptions and devices borne on it, and particularly the date of its issue, would seem to be quite as material as the place of coinage ; but these are not requi ed to be specified. The court are of opinion that this objection is not sustained either by authority or sound principle.

*Exceptions and motion overruled.*